must pay prejudgment interest to $39,-932.36; the remainder of the district court's judgment is affirmed.

MODIFIED IN PART, AND AS MODIFIED, AFFIRMED.

UNITED STATES of America, and James S. Rogers, Special Agent, Internal Revenue Service, Plaintiffs-Appellees,

v.

BANK OF MOULTON, and Bob Henderson, Vice-President, Bank of Moulton, Defendants-Appellees,

John W. and Carolyn D. Roberts, Intervenors-Appellants.

No. 79–1360
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 4, 1980.

Lange, Simpson, Robinson & Somerville, John E. Grenier, Carol Ann Smith, Birmingham, Ala., for intervenors-appellants.

J. R. Brooks, U. S. Atty., Birmingham, Ala., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Sec., Charles E. Brookhart, Joan I. Oppenheimer, Tax Div., Dept. of Justice, Washington, D. C., for U. S. A. and James S. Rogers.

C. B. Caine, Jr., Moulton, Ala., for Bank of Moulton, et al.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Before GEE, RUBIN and POLITZ, Circuit Judges.

PER CURIAM:

During an investigation of the federal tax liability for 1974–77 of James W. Roberts and Carolyn Roberts, Special Internal Revenue Service Agent James S. Rogers served a summons[1] on the Bank of Moulton and on its vice president, Robert C. Henderson. Issued and served on June 30, 1978, the summons directed these third-party recordkeepers to give testimony and produce bank documents relevant to the inquiry into the Roberts' tax liability on July 18, 1978. On July 12, the Roberts gave timely notice to the bank not to comply with the summons under 26 U.S.C. § 7609(d)(1) (1976). This provision states that "[n]o examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made . . . before the expiration of the fourteen-day period allowed for the notice not to comply under subsection (b)(2) . . ."[2]

After the bank received the Roberts' notice not to comply with the summons, it made no disclosures to the government. However, when Special Agent Rogers served the summons, he engaged in conversation with bank vice president Robert Henderson and cashier/bookkeeper Fay Gonzales in which certain disclosures were made. The United States and Special Agent Rogers petitioned for enforcement of the summons as authorized by 26 U.S.C. §§ 7402(b)[3] and 7604(b),[4] and the Roberts intervened pursuant to 26 U.S.C. § 7609(b)(1),[5] arguing that under *United*

---

1. The summons was served pursuant to 26 U.S.C. § 7602 (1976), which states in relevant part that:

   For the purpose of ascertaining the correctness of any return . . . , determining the liability of any person for any internal revenue tax . . . or collecting any such liability, the Secretary is authorized—

   (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

   (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry . . .

2. 26 U.S.C. § 7609(b)(2) (1976) provides that:

   Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have a right to stay compliance with the summons if, not later than the 14th day after the day such notice is given . . .

   (A) notice in writing is given to the person summoned not to comply with the summons, and

   (B) a copy of such notice not to comply with the summons is mailed by registered or certified mail to such person and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

3. 26 U.S.C. § 7402(b) states:

   If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

4. 26 U.S.C. § 7604(b) states:

   Whenever any person summoned under section 6420(e)(2), 6421(f)(2), 6424(d)(2), 6427(f)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

5. 26 U.S.C. § 7609(b)(1) states: "Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene

*States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), enforcement could not be ordered because the agent had obtained disclosures during the period in which they were proscribed by section 7609(d)(1).

The trial court ruled that although improperly premature disclosures had been made, the agent had acted in good faith when speaking with the bank officers during the 14-day section 7609(d)(1) period and that the breach did not warrant denying enforcement of the summons. The court reasoned that enforcement was proper not only because of the agent's good faith but also because the unlawfully disclosed information was not used by the government to support its request for enforcement and would have been revealed in records that the court would have ordered produced in enforcing the summons. The Roberts appeal the enforcement of the summons in the action now before us.

The problematic discussion between Special Agent Rogers and the bank's vice president and bookkeeper was of short duration, variously estimated to have lasted from five to twenty minutes. The information provided by the bank was quantitatively and qualitatively limited. The bank disclosed that three accounts were relevant to a determination of the Roberts' tax liability and that Mrs. Roberts was a signatory on one of the accounts that was in the name of a business. In the course of discussing the ownership of the accounts, as to which some confusion existed, the bank revealed that Mrs. Roberts had made questionable transfers of checks issued to one account but deposited in another. And in addressing anticipated difficulty in copying the rele-

vant records by the summons' return date, the bank further revealed that a substantial volume of transactions had flowed through one of the material accounts.

The trial court characterized the discussion in which these disclosures were made as conversational rather than interrogative and as primarily related to the administrative and procedural details involved in complying with the summons. It further found that the discussion pertaining to the volume of transactions and the problem of improper transfers between accounts had been initiated by the bank officers, not by Special Agent Rogers, and that the latter had engaged in the discussion with the intent of assisting the summoned recordkeepers rather than of prematurely eliciting information. The district court concluded that while disclosure of the existence and number of relevant accounts and the identification of Mrs. Roberts as a signatory on one business account was permissible under 26 U.S.C. §§ 7609(a)(5)[6] and (a)(4)(B),[7] disclosure of information pertaining to the volume of transactions and the existence of questionable deposits did violate the 14-day waiting period prescribed by 26 U.S.C. § 7609(d)(1).

■ We agree with this conclusion. We also agree that the taxpayer suffered no material harm by virtue of the disclosures. And our examination of the record satisfies us that sufficient evidence supports the trial judge's finding of fact that Special Agent Rogers acted in good faith in actively participating in the dialogue that resulted in the premature disclosures. We therefore hold that enforcement of the summons was properly within the trial court's discretion.

in any proceeding with respect to the enforcement of such summons under section 7604."

**6.** 26 U.S.C. § 7609(a)(5) states:

Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(B)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

**7.** 26 U.S.C. § 7609(a)(4)(B) states in relevant part:

Paragraph (1) shall not apply to any summons— . . .

(B) to determine whether or not records of the business transactions or affairs of an identified person have been made or kept, or . . . .

The taxpayers cannot rely on *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964), for the proposition that any failure of the government to follow the administrative steps required by the Internal Revenue Code bars enforcement of the summons, despite good faith on the part of the government and the absence of material injury to the taxpayer. In *Powell* the taxpayer who was being investigated for fraudulent returns argued that under 26 U.S.C. § 7605(b)[8] the IRS was required to establish probable cause to suspect fraud in order to obtain enforcement of its summonses. *Powell* held that to obtain enforcement of the summonses the IRS need not establish probable cause to suspect fraud. Rather, the IRS had to establish only that

> the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and *that the administrative steps required by the Code have been followed—in particular, that the "Secretary or his delegate," after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect.*

379 U.S. at 58, 85 S.Ct. at 255 (emphasis added). In enforcing the section 7605(b) provision that the treasury secretary or his delegate find that additional inspection is necessary and so notify the taxpayer, *Powell* required the IRS to follow administrative steps necessary to protect the taxpayer against the substantive harm of unnecessary and overzealous IRS intrusion. *Powell* did not hold that infringement of any Code requirement would operate as a per se bar to enforcement of IRS summonses absent material harm.

Indeed, in *Powell* itself the IRS had sought enforcement of its summonses pursuant to 26 U.S.C. § 7604(b). The Supreme Court noted that this section of the Internal Revenue Code " 'was intended only to cover persons who were summoned and wholly made default or contumaciously refused to comply,' " 379 U.S. at 52, 85 S.Ct. at 252, *quoting Reisman v. Caplin*, 375 U.S. 440, 448, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1963), and that there was no contumacious refusal or default in *Powell*. Although the government had incorrectly brought "its enforcement proceeding under section 7604(b) instead of section 7402(b) or section 7604(a), each of which grants courts the general power to enforce the Commissioner's summonses 'by appropriate process[es],' " *id.*, the Court declined to dismiss the case, and remanded it for a determination of whether enforcement should be ordered under the standards announced in that case. In reaching its decision, the Court reasoned that no substantive harm had occurred by virtue of the government's having proceeded under section 7604(b), because the government had not applied for the sanctions of attachment or arrest that constituted the major substantive differences between the appropriate and inappropriate sections authorizing enforcement. It therefore declined to elevate form over substance and treated "the enforcement proceeding as having been brought" under either of the correct sections. *Id.*

■ We, too, decline to elevate form over substance and reject the suggestion that every infringement of a requirement of the Internal Revenue Code absolutely precludes enforcement of an IRS summons. Nothing in the language of the Code itself mandates this sanction for infringement. The correct approach for determining whether to enforce a summons requires the court to evaluate the seriousness of the violation under all the circumstances, including the government's good faith and the degree of harm imposed by the unlawful conduct. In the present case, the dis-

---

8. 26 U.S.C. § 7605(b) states:

No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

trict court carefully assessed the situation created by the violation of section 7609(d) and ordered enforcement of the summons. Its order is AFFIRMED.