United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-10703
Summary Calendar

THOMAS E. TILLEY,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
3:03-CV-769-D

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Thomas E. Tilley challenges the district court's denial of his petition to quash an Internal

Revenue Service (IRS) summons that was directed to a third-party recordkeeper in possession of

information pertaining to his tax liability for the years 2000 and 2001. Tilley argues that the IRS

failed to comply with certain administrative prerequisites that he believes were necessary to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"properly" effectuate the summons. We reject his contention and hold that the district court's denial of the petition to quash the IRS summons must be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

The IRS initiated an investigation related to Tilley's tax liabilities from the years 2000 and 2001. As such, it was necessary for the IRS to issue a third-party summons to First Horizon Home Loan (First Horizon), a company located in Dallas, Texas, that was in possession of some documents pertaining to Tilley's tax records.[1] Thereafter, Tilley objected to First Horizon's receipt of the summons and moved to quash it via this action.

The parties proceeded before a magistrate judge who recommended that the motion be denied upon his finding that the summons that was issued to First Horizon was consistent with the purposes of the Internal Revenue Code. Additionally, the magistrate judge observed that the IRS had jurisdiction to issue the summons and that the purposes underlying it were legitimate. The judge also noted that the purpose of the summons was simply to secure Tilley's pertinent tax information and that the means chosen by the IRS to issue the summons comported with the relevant federal statutory procedures. Accordingly, the magistrate directed First Horizon to provide all germane information related to Tilley's tax liabilities from the relevant years in question. The district court adopted the magistrate's recommendation and this appeal followed.

## DISCUSSION

A.     Standard of Review

In our consideration of the denial of the petition to quash the summons, the magistrate judge's

---

[1] In addition, a copy of the summons was also mailed to Tilley's personal residence in Chapel Hill, North Carolina.

factual findings, as adopted by the district court, are reviewed under the clearly erroneous standard. See Mazurek v. United States, 271 F.3d 226, 229 (5th Cir. 2001). Thereafter, we evaluate whether a prima facie case has been established pursuant to the factors articulated by the Supreme Court in United States v. Powell, 379 U.S. 48 (1964). The Powell court stated that in order for the IRS to enforce a summons, it must demonstrate that: (1) the basis for the underlying investigation is legitimate, (2) the investigation's relevancy causally relates to that basis, (3) the IRS does not already possess the information being sought, and (4) the administrative procedures established by the Internal Revenue Code have been adhered to. Id. at 58. In Mazurek, we recognized that the burden on the United States to establish a prima facie case pursuant to the governing Powell factors is *de minimus*, given that, for example, a "simple affidavit" from the IRS agent issuing the summons will suffice. 271 F.3d at 231. Conversely, if the United States successfully establishes a prima facie case, the party seeking to quash the summons bears the more daunting burden of either refuting "any of the Powell factors, or [ ] demonstrating that the enforcement of the summons would result in an abuse of the court's process." Id.

B.      Analysis

Tilley asserts that the IRS failed to comply with the administrative prerequisites established by 26 U.S.C. § 7609 *et seq.*, the statutory provision which governs the procedures for the issuance of third-party summonses. This argument apparently takes the position that the IRS failed to comply with its own administrative procedures. Specifically, Tilley argues that neither First Horizon nor himself were served with an attested copy of the summons, maintaining that § 7609 *et seq.*, at least implicitly, mandates such attestation.

Tilley's argument derives from what he perceives to be the interplay between § 7609(a)(2)

3

and § 7603(a).  Section 7609(a)(2) provides in relevant part that notice for a third-party summons will be sufficient if it served in a manner consistent with § 7603.  In turn, § 7603 provides that a general summons must be served by means of "an *attested* copy delivered in hand to the person to whom it is directed, or at his last and usual place of abode." 26 U.S.C. § 7603(a) (emphasis added). Accordingly, Tilley argues that §7609 incorporated § 7603, and therefore, the third-party summons issued to First Horizon was ineffectual as it bore no attestation.

Several courts have considered averments similar to those proffered by Tilley in this matter. In Conder v. United States, 17 F.3d 1331 (10th Cir. 1994)  the Tenth Circuit held that §7609 was not intertwined with § 7603.  The Conder panel found that, *inter alia*, §7609's mention of §7603 was simply alluding to the fact that the taxpayer whom the third-party summons related would receive sufficient notice of the summons if it were personally served, or, if a copy was left at the individual's last and usual place of residence.  Id. at 1333.  Courts in the Ninth and Sixth Circuit, relying principally on the reasoning employed in Conder, have held similarly.  See, e.g., Kondik v. United States, 81 F.3d 655 (6th Cir. 1996); Fortney v. United States, 59 F.3d 117 (9th Cir. 1995).  We too believe that Conder's interpretation comports with the original understanding of § 7609.

Tilley avers that the Eighth Circuit's decision in United States v. Mimick, 952 F.2d 230 (8th Cir. 1992), which held that §7609 did indeed incorporate an attestation requirement, should be found to constitute persuasive authority.  We however disagree, and assuming *arguendo* that §7609 did mandate  that an IRS summons to a third-party requires attestation, this circuit has long recognized that we will refrain from requiring strict adherence to the technical niceties of the Internal Revenue Code as a predicate to enforcing an IRS summons.  See United States v. Bank of Moulton, 614 F.2d 1063, 1066 (5th Cir. 1980).  Instead, our determination regarding whether an IRS summons will be

4

enforced turns on the degree to which the objecting party would be prejudiced by the IRS's alleged failure to comply with its own administrative procedures, particularly as it pertains to the issuance of a summons. Id.

Accordingly, we hold that the denial of the petition to quash the third-party summons was appropriate, and therefore must be affirmed.

AFFIRMED.