**BULL D, S.A. DE C.V., Plaintiff,**

v.

**UNITED STATES of America, and Mark W. Everson, Commissioner of Internal Revenue Service, Defendants.**

**No. EP–06–CA–411–DB.**

United States District Court,
W.D. Texas,
El Paso Division.

May 1, 2007.

---

Sarah Q. Wirskye, M. Todd Welty, Meadows, Collier, Reed, Cousins & Blau, L.L.P., Dallas, TX, for Plaintiff.

Joseph A. Pitzinger, Attorney, Tax Division, Dallas, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER

BRIONES, District Judge.

On this day, the Court considered Defendant United States of America's ("Government") "Motion Of United States To Dismiss Complaint To Quash Summons

And To Enforce Summons" ("Motion to Dismiss"), filed in the above-captioned cause on January 26, 2007. On March 3, 2007, Plaintiff Bull D, S.A. de C.V., ("Bull D" or "Plaintiff") filed a "Response To The United States' Motion To Dismiss Complaint To Quash Summons And Request To Enforce Summons" ("Response"). After due consideration, the Court is of the opinion that the Government's Motion should be granted.

### BACKGROUND

This cause of action was brought under the Internal Revenue Code ("IRC"), to quash enforcement of an Internal Revenue Service ("IRS") summons. *See* I.R.C. § 7609(b)(2)(A) (West Supp.2006). Plaintiff is a Mexican corporate entity whose principal place of business is in Mexico City, Mexico.[1] In March, 2006, the Mexican Taxing Authority ("MTA") requested assistance from the Government to obtain documents in the possession of Wells Fargo Bank Texas, N.A. ("Wells Fargo"), relating to the tax liability of Salomon Juan Marcos Villarreal.[2] Bull D is the owner of two bank accounts with Wells Fargo. The request was made pursuant to Article 27 of the convention Between the Government of the United States of America and Government of the United Mexican States for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income ("Treaty"), and Article 2 of the Agreement Between the United States of America and the United Mexican States for the Exchange of Information with Respect to Taxes ("TIEA").

On November 2, 2006, the Government telephonically notified Bull D that the IRS would issue a third-party summons to Wells Fargo. On November 3, 2006, IRS Revenue Agent Rebecca N. Haynes ("Revenue Agent Haynes") served a third-party summons ("the Summons") to Wells Fargo, ordering it to produce documents, relating to two bank accounts held in the name of Bull D, on December 8, 2006.[3] Also on November 3, 2006, Revenue Agent Haynes sent notice to Plaintiff and Villarreal via registered mail to their respective last known addresses. Plaintiff and Villarreal did not receive formal notice of the Summons prior to November 3, 2006. To date, Wells Fargo has not complied with the Summons, and the records sought have not been reviewed.

On November 22, 2007, Plaintiff filed the instant cause of action, within the twenty (20) day jurisdictional time limit. *See, e.g.,* I.R.C. § 7609(b)(2)(A). Plaintiff alleges that the Summons is unenforceable and it is entitled to injunctive relief because the Summons seeks documents already in the possession of the MTA, that these documents are irrelevant to the tax investigation, that the IRS failed to abide by its administrative procedures when it issued the Summons, and that the Summons was issued in bad faith. The instant Motion followed.

---

1. When making a determination under Rule 56, factual questions and inferences are viewed in a light most favorable to the nonmovant. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (unanimous decision).

2. Frank Y. Ng, Deputy Commissioner (International) in the Large and Mid–Sized Business Division of the IRS, received a letter, dated March 17, 2006, from C.P. Jorge Antonio Libreros Calderon, Central Administrator of International Fiscal Audits, acting as the Competent Authority for the Government of Mexico.

3. The Summons sought information concerning the time period from January 1, 2003 through December 31, 2003. Specifically, the Summons sought documents relating to three separate transactions, the first on March 19, 2003, and two transactions that occurred on April 1, 2003. The three transactions involved loans and repayments between Villarreal and Bull D.

## STANDARD

As an initial matter, the Court notes that because it considers evidence beyond the pleadings, it must treat the instant Motion as a Motion for Summary Judgment under Federal Rule of Civil Procedure 56, rather than as a Motion to Dismiss. *See* Fed.R.Civ.P. 12(b) ("If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment...."). Here, the Court considers affidavits and attachments, submitted by Defendant and Plaintiff, incorporated by reference in their Motion and Response. As such, the Court proceeds under a summary judgment standard.

Summary judgment should be granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party that moves for summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A material fact is not one that is established conclusively, but rather showing a dispute that requires a fact finder to resolve the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). "More important ... summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. 2505.

"If the moving party fails to meet this burden, the motion must be denied, regardless of the nonmovant's response." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995). If the movant does meet this burden, however, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *See, e.g., Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. "If the nonmovant fails to meet this burden, then summary judgment is appropriate." *Tubacex*, 45 F.3d at 954. "When the nonmovant fails to make a sufficient showing on an essential element of her case, the moving party is entitled to summary judgment 'since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *McKee v. Rockwall*, 877 F.2d 409, 414–15 (5th Cir.1989) (quoting *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548).

The party opposing a motion supported by evidence cannot discharge his burden by alleging mere legal conclusions. *See Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505; *see also Celotex*, 477 U.S. at 324, 106 S.Ct. 2548 (stating the nonmovant may not successfully oppose summary judgment by merely citing the pleadings). Instead, the party must present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505. The Court considers all the evidence in the record, but makes no determination as to credibility or weight of the evidence. *See Reeves*, 530 U.S. at 149–50, 120 S.Ct. 2097.

## Discussion

Through the instant Motion, the Government prays the Court dismiss Plaintiff's Complaint on the theory that it is-

sued the Summons in good faith. Next, the Government argues that it may dispense with statutory notice provisions because the investigation is not a domestic matter. Further, the Government petitions the Court to enforce the Summons.[4] In its Response, Plaintiff counters that the IRS is required to adhere to IRC notice provisions in conducting investigations of Mexican taxpayers in the same manner as domestic taxpayers, and thus, the IRS's failure to comply with I.R.C. § 7602(c), constitutes bad faith. Additionally, Bull D asks the Court to issue an injunction requiring the IRS to provide a list of all third-party contacts, including any future advance notice of third-party contacts. Although the Court finds the Government's argument as to the application of § 7602(c) unconvincing, it agrees that the Summons was issued in good faith.

### A. IRS Summons Requirements

■ The IRS has the authority to summons a taxpayer to produce documents relevant to his or her tax liability. I.R.C. § 7602, *et seq.* (West 2002 & Supp.2006). This authority is broad and restrictions upon the enforcement power are avoided "absent unambiguous directions from Congress." *Tiffany Fine Arts, Inc. v. United States,* 469 U.S. 310, 318, 105 S.Ct. 725, 83 L.Ed.2d 678 (1985) (quoting *United States v. Arthur Young & Co.,* 465 U.S. 805, 816, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984)). In *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the United States Supreme Court rejected the argument that the IRS must establish probable cause to enforce a summons. 379 U.S. at 53–54, 85 S.Ct. 248. Instead, *Powell* holds that the IRS need only demonstrate that it issued a summons in "good faith" for enforcement. *United States v. Stuart,* 489 U.S. 353, 359, 109 S.Ct. 1183, 103

L.Ed.2d 388 (1989) (quoting *Powell,* 379 U.S. at 57–58, 85 S.Ct. 248). The *Powell* test applies to both domestic IRS investigations, and inquiries conducted on behalf of a foreign government pursuant to TIEA and the Treaty. *See, e.g., id.* at 359–60, 109 S.Ct. 1183.

■ The burden of proof is initially allocated to the Government to demonstrate a *prima facie* case that the Summons was issued in compliance with *Powell's* four "good faith" factors. *See Mazurek v. United States,* 271 F.3d 226, 229–30 (5th Cir.2001) (holding the burden is "slight" or "minimal"). Specifically, the Government must establish its *prima facie* case by showing: 1) that the IRS investigation was conducted pursuant to a legitimate purpose; 2) that the investigation "may be relevant" to that legitimate purpose; 3) that the information sought by the investigation is not in the IRS's possession; and 4) that the IRS has complied with the administrative steps enumerated in the IRC. *See Stuart,* 489 U.S. at 359, 109 S.Ct. 1183. If met, the burden shifts to the plaintiff to either rebut one of the government's factors, or show that enforcement of the summons is an abuse of the court's proceedings. *Powell,* 379 U.S. at 58, 85 S.Ct. 248; *Mazurek,* 271 F.3d at 230 (recognizing the elevated burden as "heavy").

Section 7609 of the IRC was promulgated to address the current issue, where the summoned party is not the taxpayer under investigation. *See Tiffany Fine Arts,* 469 U.S. at 314–16, 105 S.Ct. 725. The IRC stipulates that the IRS or its agents must provide notice to the taxpayer under investigation, in advance of serving a third-party summons. I.R.C. § 7602(c)(1). The IRC creates a window

---

**4.** The IRC permits the IRS Secretary to seek enforcement of a summons when the taxpayer

has brought suit to quash the same summons. I.R.C. § 7609(b)(2)(A).

of opportunity within which notice must be provided to the taxpayer in the context of a third-party summons: within three (3) days of serving the summons, but no later than twenty-three (23) days prior to the date on which to appear before the IRS. I.R.C. § 7609(a)(1).

The Court first addresses the Government's argument that § 7602(c) is not applicable to the instant case because it does not concern a domestic matter. Then the Court addresses whether the Summons was issued in compliance with *Powell's* good faith standard.

### 1. *Applicability of IRC to Foreign Taxpayers*

The Government argues that § 7602(c) is not applicable to the instant facts, relying upon *United States v. Stuart*, 489 U.S. at 361–62, 109 S.Ct. 1183. The Government correctly states that in 1989, the United States Supreme Court held that § 7602(c) was not applicable to the summons issued in that case, because the investigation did not concern a criminal investigation conducted by the Justice Department. *See id.* However, the Government fails to recognize that nine years later in 1998, Congress enacted a new subsection (c), and re-designated the former subsection (c) into the current subsection (d). Internal Revenue Service Restructuring and Reform Act of 1998, Pub.L. 105–206, § 3417(a) (1998). The current version of § 7602(d) relates specifically to criminal investigations referred directly to the Justice Department, which mirrors the 1989 version of § 7602(c). *See* I.R.C. § 7602(d).

Alternatively, the Government argues that Treasury Regulations §§ 301.7602(c)(3)(B) & (C) "clearly" state that third party notice rules are inapplicable to the instant case. The Court assumes the Government intended to cite to

§§ 301.7602–2(f)(4)(i) & (ii), which detail an exception to the notice provision when the case concerns a criminal investigation. Again, the Government correctly indicates that when the IRS investigation relates to criminal prosecution, the IRS need not provide advance notice to the subject of the investigation. *See* Treas. Reg. §§ 301.7602–2(f)(4)(i) & (ii). However, subsection (f)(4) makes no distinction between foreign and domestic investigations, but exempts all criminal matters from notice requirements. Treas. Reg. § 301.7602–2(f)(4)(ii).

 Here, the investigation of the Wells Fargo accounts was never referred to the Justice Department for criminal prosecution. Further, the evidence does not indicate that the IRS conducted the investigation for any foreign criminal prosecution. As such, there does not exist a restriction upon the § 7602(c) notice provisions. Thus, the Court is of the opinion that the third-party notice provisions under the current version of § 7602(c) are applicable to the instant facts because the instant facts do not relate to a criminal investigation.

### 2. *Good Faith*

Having determined that IRC notice provisions are applicable to the instant facts, the Court now addresses whether the Summons was issued in good faith. Plaintiff and the Government do not dispute the fact that Revenue Agent Haynes sent notice of the Summons on the same day the Summons was served. They disagree as to whether same day notice constitutes *advance* notice as required by § 7602. The Government contends that the statutory language obligates service to the tax payer within three days of serving the summons, as stipulated in § 7609(a)(1), and thus, the IRS strictly complied with its statutory obligations.[5]

---

**5.** § 7609. Special procedures for third-party summonses

█ The first three prongs of the *Powell* standard are satisfied by Deputy Commissioner Ng's declaration. *See Stuart*, 489 U.S. at 360, 109 S.Ct. 1183 (holding that the IRS affidavits established good faith); *see also Mazurek*, 271 F.3d at 230 ("The government's minimal burden at this stage can be fulfilled by a 'simple affidavit' ..."). Ng reviewed the MTA's request and determined its legitimate interest. *See Mazurek*, 271 F.3d at 230 ("Assisting the investigation of a foreign tax authority has been held to be a legitimate purpose by itself."). Next, Ng affirms that the Wells Fargo documents are relevant to the legitimate purpose. *See Stuart*, 489 U.S. at 360, 109 S.Ct. 1183 (accepting testimony that information sought by the IRS "might" be relevant). Third, Ng attests to the fact that neither the Government nor the Mexican Government has these documents in its possession. *See id.* The Court is of the opinion that the Government has satisfied its burden to establish the first, second and third prongs of the *Powell* standard.

█ The Government must also satisfy the fourth factor before establishing its *prima facie* case. Pursuant to Treasury Regulation § 301.7602–2(d)(2), the IRS may dispense with the notice provision under § 7602 when it has provided notice pursuant to another statute. Treas. Reg. § 301.7602–2(d)(2). Further, the Fifth Circuit has held that it does not require strict adherence to the IRC as a predicate to enforcing an IRS summons. *See United States v. Bank of Moulton*, 614 F.2d 1063, 1066 (5th Cir.1980); *see also Tilley v. United States*, 124 Fed.Appx. 277, 279 (5th Cir.2005) (discussing opinions from the Fifth, Sixth, Ninth, and Tenth Circuits).

Rather, the Fifth Circuit requires a totality of the circumstances approach to determine whether the deviation and resulting harm to the taxpayer were serious in nature. *Bank of Moulton*, 614 F.2d at 1066.

On November 2, 2006, counsel for the Government telephonically notified counsel for Bull D that the IRS would issue a third party-summons. The next day, on November 3, 2006, Revenue Agent Hayes served the Summons upon Wells Fargo, and sent formal written notice to Villarreal and Bull D by registered mail to their last known addresses. The Summons required Wells Fargo to produce the relevant documents on December 8, 2006, a date more than twenty-three (23) days from the day of issuance. Plaintiff filed the instant cause on November 22, 2006. The Court is of the opinion that Revenue Agent Haynes complied with the notice requirements under § 7609, and therefore, she was excused from compliance with § 7602. *See* Treas. Reg. § 301.7602–2(d)(2). Therefore, the Court is of the opinion that the Government has satisfied its burden of proof to establish its *prima facie* case of "good faith."

Now, to survive summary judgment, Plaintiff must raise a genuine issue of material fact that either rebuts one element of the Government's *prima facie* case, or demonstrate that enforcement of the Summons is an abuse of the Court's process. *See Powell*, 379 U.S. at 58, 85 S.Ct. 248. Plaintiff does not allege abuse of process, but repeats its argument that the notice provisions in 7602 and 7609 are applicable to foreign taxpayers, and the IRS's failure to give prior formal notice to Villarreal and Bull D was fatal to its *prima facie* case.

(a) Notice.—
(1) In general ... then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. I.R.C. § 7609(a)(1).

As stated above, the Court agrees that the IRC notice provisions are applicable to the instant case. Further, as the timeline of events at issue here are undisputed, Plaintiff cannot survive summary judgment for the following two reasons.

First, Treasury Regulation § 301.7602–2(d)(2) permitted the IRS to provide notice to the taxpayers pursuant to any notice provision in the IRC. *See* Treas. Reg. § 301.7602–2(d)(2). The Summons was issued on November 3, 2006, and thus, the IRS had until November 6, 2003 to give the taxpayer notice. *See* I.R.C. § 7609(a)(1). In the instant case, adherence to § 7602(c) is excepted because of notice by § 7609(a)(1), not because it is a foreign investigation. Therefore, the Court is of the opinion that Revenue Agent Haynes complied with § 7609(a)(1), when on November 3, 2006, she gave formal written notice, sent by registered mail, to Villarreal and Bull D's last known addresses.

Second, assuming *arguendo* that the IRS did not comply with any IRC notice provision, a district court may nonetheless find issuance was conducted with good faith, absent a showing of material harm to the Plaintiff. *See Bank of Moulton*, 614 F.2d at 1066. The record lacks evidence tending to show Plaintiff suffered any harm. Instead, the evidence shows that Plaintiff timely filed the instant cause to quash the Summons. *See* I.R.C. § 7609(b)(2)(A). The Court can easily assume that Villarreal and Bull D did, in fact, receive notice. Further, the record does not contain sufficient summary judgment evidence that the IRS or the MTA obtained or possessed the summonsed information. Plaintiff merely alleges that the MTA possesses the documents. This allegation does not constitute competent summary judgment evidence. *See Anderson*, 477 U.S. at 248–49, 106 S.Ct. 2505. Thus, the Court is of the opinion that Plaintiff has not produced sufficient summary judgment evidence that raises a genuine issue of material fact that it suffered material harm from the IRS's alleged non-compliant notice.

CONCLUSION

For the reasons stated above, the Court finds that the Government has established its *prima facie* case of good faith when it issued the Summons. Further, the Court holds that Plaintiff has failed to satisfy its heightened burden to sufficiently show that a genuine issue of material fact exists which either rebuts any element of the *prima facie* case, or demonstrates that enforcement of the Summons would be an abuse of the Court's process. Finally, the Court finds that the November 3, 2006 summons shall be enforced. Therefore, the Court is of the opinion that Defendant's Motion should be granted.

Accordingly, **IT IS HEREBY ORDERED** that Defendant United States of America's "Motion Of United States To Dismiss Complaint To Quash Summons And To Enforce Summons" is **GRANTED.**

**IT IS FURTHER ORDERED** that the November 3, 2006 summons shall be **ENFORCED.**

**IT IS FURTHER ORDERED** that **on or before MAY 14, 2007,** Wells Fargo Bank Texas, N.A., shall **PRODUCE** the information sought in the November 3, 2006 summons, at the location designated in the November 3, 2006 summons.

**IT IS FINALLY ORDERED** that all other motions, if any, are **DENIED AS MOOT.**