# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 29, 2012

No. 11-50518
Summary Calendar

Lyle W. Cayce
Clerk

WILSON D. WATSON; CAROL WATSON,

Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA (INTERNAL REVENUE SERVICE);
COMMUNITY NATIONAL BANK, NATIONAL ASSOCIATION

Defendants - Appellees

Appeal from the United States District Court for the
Western District of Texas, Midland/Odessa Division
(7:10-CV-1200)

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellants challenge the district court's dismissal of their action to quash a summons served on them by the Internal Revenue Service ("IRS"). In filings that can only be described as incoherent and unintelligible, Plaintiffs

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50518

claim the summons should be quashed because of a variety of typical tax protestor arguments.[1]

In a careful opinion, the district court[2] generously construed Plaintiffs' arguments against the summons and analyzed them under the applicable *Powell* standard. See *Powell v. United States*, 379 U.S. 48, 57-58 (1964); *Bull D., S.A., de C.V. v. United States*, 487 F.Supp.2d 722, 776 (W.D. Tex. 2007). In addition to concluding that "the IRS is a lawfully established agency with the authority to promulgate rules and regulations and consequently enforce those regulations," and "the IRS as an agency has authority to issue administrative summons through its agents," it found the Government established its *prima facie* case for enforcing a summons by showing "(1) that the IRS investigation was conducted pursuant to a legitimate purpose; (2) that the investigation 'may be relevant' to that legitimate purpose; (3) that the information sought by the investigation is not in the IRS's possession; and (4) that the IRS has complied with the administrative steps enumerated in the Internal Revenue Code." (pp. 4-5). It found nothing in Plaintiffs' allegations to rebut or overcome this showing. We agree.

---

[1] Appellants argue that: (1) "as a subject matter jurisdictional prerequisite" "the legislative intent of 26 U.S.C. § 7602 requires that a tax liability be established by evidence of a taxing statute that requires record keeping or open book records"; (2) the IRS is not a federal agency and the United States Attorney thus has no authority to represent it; (3) the IRS lacks authority to levy taxes because the federal collections statute was repealed in the 1950's; (4) "[t]he mere claim of a 'tax liability' by a IRS office or agent for the purpose of obtaining authority for a summons procedure is void for vagueness and a total denial of due process, and thus far outside of constitutional order,"; (5) "the failure to set forth the taxing statute under which the IRS claims the tax liability amounts to withholding of exculpatory evidence and denies the private citizen the right to defence under the U.S. Constitution, 6th Amendment"; and (6) "[t]he subjecting the plaintiffs/appellants to summary judgment proceedings, by use strict liability statutes which only apply to a United States granted business privilege is an operation under color of law, and therefore without Congressional authorized agency jurisdiction."

[2] The initial ruling was made by the United States Magistrate Judge, whose Report and Recommendation was adopted without reservation by the district court.

No. 11-50518

We have considered all of Appellants arguments and find no merit to any of them.

AFFIRMED