PER CURIAM.
 

 On April 14, 1992, the IRS issued and served a summons to each of 3 banks as third party recordkeepers, seeking records of savings accounts, checking accounts, and the like, pertaining to Roger Sylvestre. Pursuant to 26 U.S.C. § 7609, Sylvestre is entitled to notice of a third party summons and may petition to quash such a summons. Sylvestre was given notice and did, in fact, seek to quash each of the 3 summonses. The IRS objected to the petition to quash and sought enforcement of the summonses. After a hearing, the district court denied the petition to quash and granted enforcement of the summonses. Sylvestre has appealed. We affirm.
 
 [1]
 

 To obtain enforcement of a summons, the IRS
 

 must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner’s possession, and that the administrative steps required by the Code have been followed____
 

 United States v. Powell,
 
 379 U.S. 48, 57-58, 85 S.Ct. 248, 254-255, 13 L.Ed.2d 112 (1964). In addition, enforcement of an IRS summons is precluded if a referral to the Justice Department for criminal prosecution is in effect.
 
 United States v. LaSalle Nat’l Bank,
 
 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978).
 

 “ ‘Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case.’ ”
 
 United States v. Lawn Builders of New England, Inc.,
 
 856 F.2d 388, 392 (1st Cir.1988) (quoting
 
 Liberty Financial Services v. United States,
 
 778 F.2d 1390, 1392 (9th Cir.1985)). In this ease, the IRS submitted an affidavit of Revenue Agent Paul H. McGunagle. In it, McGunagle stated, inter alia,
 

 1. He is reviewing the possible income tax liability of Sylvestre, who is engaged in the occupation of chiropractic physician.
 

 
 *27
 
 2. A review of IRS records indicated no federal tax returns were filed by Sylves-tre for 1985 through 1990.
 

 3. During his review, he had learned that certain accounts in Sylvestre’s name may or do exist in the 3 banks to which summonses were issued.
 

 4. ' Service and notice of the summonses were made as required by law, including notification to Sylvestre, and all procedures required by the Internal Revenue Code were followed with respect to the summonses.
 

 5. The bank records are relevant for the purpose of reconstructing income received and said records are not already in the possession of the IRS.
 

 6. No previous examination of the records has taken place for the periods under review, and this matter has not been referred to the criminal tax division of the Justice Department.
 

 It is evident that these averments by the revenue agent satisfy a prima facie case for the enforcement of these summonses. A review for possible income tax liability is certainly a legitimate purpose and records of financial institutions are relevant to that purpose. These bank records would not be expected to be already in the possession of the IRS. And, the agent stated that the matter had not been referred to the criminal division of the Justice Department and that all the required administrative steps were followed.
 

 Once a prima facie case for enforce-' ment was made, it became Sylvestre’s burden to refute the elements of the prima facie case or to present sufficient evidence that the court’s process, invoked to enforce these summonses, was abused — that is, that the summonses had been issued for an improper purpose or for any other purpose reflecting on the good faith of the investigation.
 
 United States v. Powell,
 
 379 U.S. at 58, 85 S.Ct. at 255. We see no need for a lengthy discourse as to the merits, and our corresponding rejection, of each of the numerous unsupported grounds Sylvestre listed in his attempt to quash these summonses. We address only Sylvestre’s most potentially viable challenge — his claim concerning the IRS’ failure to comply with the notice provisions of § 7609(a)(1).
 

 Section 7609(a)(1) provides that notice of a third party summons shall be given to any person identified in the description of the records contained in the summons [in this case, Sylvestre] within 3 days of the day on which service is made, “but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined.” The'third party summonses were served on April 14, 1992 and directed the banks to produce the records on May 8, 1992. The IRS gave Sylvestre notice of these summonses on April 17, 1992. Notice, therefore, was given to Sylvestre within 3 days of the April 14th service on the banks,
 
 [2]
 
 but
 
 21,
 
 not 23, days before the (May 8th) day for examination of the records.
 

 That the notice to Sylvestre fell two days short of the statutory provision, however, does not, as Sylvestre would have it, bar the enforcement of these summonses. As the Fifth Circuit has stated,- in affirming the enforcement of a third party summons despite the premature disclosure of information about the records sought,
 

 [w]e, too, decline to elevate form over substance and reject the suggestion that every infringement of a requirement of the Internal Revenue Code absolutely precludes enforcement of an IRS sum
 
 *28
 
 mons. Nothing in the language of the Code itself mandates this sanction for infringement. The correct approach for determining whether to enforce a summons requires the court to evaluate the seriousness of the violation under all the circumstances,. including the government’s good faith and the degree of harm imposed by the unlawful conduct.
 

 United States v. Bank of Moulton,
 
 614 F.2d 1063, 1066 (5th Cir.1980);
 
 see also United States v. Texas Heart Inst.,
 
 755 F.2d 469, 478 (5th Cir.1985) (where the taxpayer has received every benefit of the administrative steps required by the Code and has not shown any prejudice resulting from the failure to follow the strictures of the notice requirement, such failure by the IRS is harmless and enforcement of the summons is not barred),
 
 overruled in part on other grounds, United States v. Barrett,
 
 837 F.2d 1341 (5th Cir.1988) (en banc) (per curiam),
 
 cert. denied,
 
 492 U.S. 926, 109 S.Ct. 3264, 106 L.Ed.2d 609 (1989).
 

 It is obvious that the purpose of notice, in advance of the date fixed for examination of records, to one, like Sylvestre, who is identified in the description of the records summoned from a third party record-keeper, is to allow Sylvestre the opportunity to invoke his right to intervene and seek to quash the summons before that examination.
 
 See
 
 26 U.S.C. § 7609(b). In this case, although Sylvestre was given notice 21, rather than 23, days before the day set for examination, nonetheless he was able to, and did, timely move to quash the summonses. His objections to the summonses were heard before any records were examined. In fact, the third party recordkeep-ers have yet to comply with the summonses, so no records have been examined to this day.
 

 We find no reason to suspect bad faith in the two day shortfall in notice. Sylvestre has not been harmed by the IRS’ failure to provide him with notice “no later than the 23rd day” before the date set for the examination of summoned records. We find neither error nor abuse of discretion in the district court’s refusal to quash these summonses.
 
 See Rivera v. Chase Manhattan Bank,
 
 No. 83 Civ. 1612, 1984 WL 195 (S.D.N.Y. Mar. 7, 1984) (absent harm to petitioner, summonses, notices of which were given to petitioner 22 and 18 days before the date set for examination, would not be quashed);
 
 see also Holifield v. United States,
 
 677 F.Supp. 996, 998 (E.D.Wis. 1987) (although summons required third party to produce records 11 days after service of summons, in view of the fact that (a) the IRS later extended the date for production, (b) the plaintiff was able to move to quash, and (c) the records had not yet been produced, the plaintiff has not been harmed and the summons would be enforced).
 

 Sylvestre’s complaints on appeal regarding the district court’s refusal to permit him discovery and its refusal to strike Agent McGunagle’s affidavit (and other claims merely listed in his brief’s statement of issues) do not rise to the level of appellate argument warranting consideration by this court.
 
 United States v. Zannino,
 
 895 F.2d 1, 17 (1st Cir.),
 
 cert. denied,
 
 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990). In any event, Sylvestre needed to do more than allege an improper purpose before discovery is ordered in a summary ■ enforcement proceeding.
 
 United States v. Salter,
 
 432 F.2d 697, 698 (1st Cir.1970). Rather, he needed to introduce some evidence supporting his allegations.
 
 Id.
 
 The arguments Sylvestre raised at the district court did not carry his burden in this regard.
 
 [3]
 

 The order of the district court denying the petition to quash and granting the motion to enforce the summonses is
 
 affirmed.
 
 
 *29
 
 In view of this ruling, the government’s motion to strike the appellant’s statement of issues is denied as moot.
 

 Affirmed.
 

 [1]
 

 . Shortly after the IRS issued a summons to each of the 3 banks, it also issued a 4th summons to the Home Insurance Company, seeking records of financial transactions with or on behalf of Sylvestre, including a list of payments and copies of checks. The dates of service and notice and the date fixed for examination of records for this later, 4th, summons, were different from those relating to the earlier summonses. Although Sylvestre sought to quash this summons in the district court, we read his arguments on appeal, in particular his contention as to statutorily inadequate notice, as directed to the 3 bank summonses. Insofar as he may be challenging the order of enforcement as to this 4th summons, however, we summarily reject it and affirm the district court as to this summons as well.
 

 [2]
 

 . Sylvestre argues that the provision for notice within 3 days of the service on the banks was also violated. The banks were served on April 14th at 2:55 p.m. Notice was given to him on April 17th at 4:00 p.m. Sylvestre says that 3 days means 72 hours, but that he was given notice 73 hours and 5 minutes after service. The IRS responds that the statute does not require that notice be given within 72 hours and there is no language suggesting that notice be given by the 72nd hour on the third day. The IRS contends that the statute permits notice to be served at any time on the third day.
 

 While we believe that the IRS has the better argument here, we need not definitively resolve it. Even were we to assume that the 3 day requirement was violated, for the game reason that we conclude that the 23 day violation does not bar enforcement of the summonses, so too would the argument concerning the 3 day violation fail.
 

 [3]
 

 . Sylvestre .claimed a need for "pre-hearing discovery." He issued a subpoena to Agent McGu-nagle commanding his attendance at a deposition. As Sylvestre did not request an evidentia-ry hearing in the district court at which he could question Agent McGunagle, we have no occasion to pass on whether Sylvestre’s showing sufficed to warrant such a preliminary eviden-tiary hearing.
 
 Cf. United States v. Freedom Church,
 
 613 F.2d 316, 323 (1st Cir.1979) (threshold requirements for an evidentiary - hearing were not met where, inter alia, petitioner presented no evidence, only a legal argument, at the enforcement hearing and did not ask permission to question the IRS agent).