**Gregory Kevin, ENGLISH, Petitioner,**

v.

**Mark KRUBSACK, Respondent.**

**No. CV–F–05–00293 RECLJO.**

United States District Court,
E.D. California.

April 14, 2005.

Gregory Kevin English, Selma, CA, pro se.

## ORDER TO ADOPT FINDINGS AND RECOMMENDATIONS ON GOVERNMENT'S MOTION TO DISMISS PETITION AND TO ENFORCE IRS SUMMONS

COYLE, District Judge.

### BACKGROUND

The United States of America ("Government") seeks to dismiss the Demand for Writ to Quash Summons ("petition") filed by pro se petitioner Gregory Kevin, English ("petitioner") and to enforce an Internal Revenue Service ("IRS") summons issued to the Educational Employees Credit Union ("credit union") in Fresno. The magistrate judge considered the Government's motions to dismiss the petition and to enforce the IRS summons on the record and without the March 4, 2004 hearing or oral argument, pursuant to this Court's Local Rule 78–230(c) and (h). The magistrate judge issued *March 10, 2005 findings and recommendations* to:

1. DISMISS named respondent IRS Revenue Agent Mark Krubsack ("Agent Krubsack") and SUBSTITUTE the Government in his place as respondent;

2. DENY petitioner's petition; and

3. GRANT the Government's motions to dismiss petitioner's petition and to enforce the IRS summons served on the credit union.

The findings and recommendations granted petitioner 10 days to file objections to them. Petitioner filed no timely objections but filed proofs of service of this Court's documents with notations, including "refusal for cause without dishonor."

### CONCLUSION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this case. After evaluating the record, this Court finds the magistrate judge's findings and recommendations are supported by the record and proper analysis.

Accordingly, this Court:

1. ADOPTS in full the magistrate judge's March 10, 2005 findings and recommendations;

2. DISMISSES Agent Krubsack and SUBSTITUTES the Government in his place as defendant;

2. DENIES petitioner's Demand for Writ to Quash Summons;

3. GRANTS the Government's motions to dismiss petitioner's Demand for Writ to Quash Summons and to enforce the IRS summons served on Educational Employees Credit Union; and

4. DIRECTS this Court's clerk to close this action.

IT IS SO ORDERED.

## FINDINGS AND RECOMMENDATIONS ON GOVERNMENT'S MOTION TO DISMISS PETITION AND TO ENFORCE IRS SUMMONS

O'NEILL, United States Magistrate Judge.

### INTRODUCTION

The United States of America ("Government") seeks to dismiss the Demand for Writ to Quash Summons ("petition") filed by pro se petitioner Gregory Kevin, English ("petitioner") and to enforce an Internal Revenue Service ("IRS") summons issued to the Educational Employees Credit Union ("credit union") in Fresno. This Court considered the Government's motions to dismiss the petition and to enforce the IRS summons on the record and without the March 4, 2004 hearing or oral

argument, pursuant to this Court's Local Rule 78-230(c) and (h). For the reasons discussed below, this Court RECOMMENDS to:

1. DISMISS named respondent IRS Revenue Agent Mark Krubsack ("Agent Krubsack") and substitute the Government in his place as respondent;

2. DENY petitioner's petition; and

3. GRANT the Government's motions to dismiss petitioner's petition and to enforce the summons served on the credit union.

## BACKGROUND

Agent Krubsack is investigating petitioner's income tax liabilities for 2001 and 2003. On November 10, 2004, Agent Krubsack issued an IRS summons to the credit union for its custodian of records to appear on December 10, 2004 to provide testimony and financial records. On that same day, Agent Krubsack served notice of summons by mailing a copy by certified mail to petitioner.

On November 18, 2004, petitioner filed his petition in this Court to note he "refuses for cause without dishonor" the summons. The petition names Agent Krubsack as the sole respondent. The Government notes petitioner apparently sent a copy of his petition to Agent Krubsack but failed to serve it by registered or certified mail on either the United States Attorney General or the United States Attorney for this district.

On January 24, 2005, the Government filed its papers to dismiss the petition and to enforce the summons. Agent Krubsack's supporting declaration states:

1. The IRS does not possess the summoned financial records;

2. The summoned financial records relate to petitioner's financial activity during 2001 and 2003 and are neces-

sary to determine petitioner's income tax liabilities;

3. The summoned financial records "are relevant to the investigation" of petitioner's tax liabilities; and

4. Agent Krubsack has not referred petitioner to the Department of Justice for criminal prosecution.

Petitioner has filed no papers to respond to the Government's motion to dismiss the petition and to enforce the summons.

## DISCUSSION

### Real Party In Interest

██ The Government claims it is the real party in interest to be named as respondent, not Agent Krubsack, in that Agent Krubsack acted in his official capacity. The Government is correct. "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Atkinson v. O'Neill,* 867 F.2d 589, 590 (10th Cir.1989); *see Hawaii v. Gordon,* 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985) (suit against IRS employees in their official capacities is a suit against the United States); *Burgos v. Milton,* 709 F.2d 1, 2 (1st Cir.1983). As such, the Government is the proper defendant to warrant dismissal of Agent Krubsack and substitution of the Government in his place.

### Insufficient Service Of Process

The Government contends the petition should be dismissed because petitioner failed to properly serve the Government with process by not serving the United States Attorney General and the United States Attorney for this district.

Service of process on the Government is effectuated by:

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

F.R.Civ.P. 4(i)(1)(A)—(C).

■ F.R.Civ.P. 12(b)(5) authorizes a motion to dismiss for "insufficiency of service of process." If service of process is not accomplished within 120 days of filing an action, this Court is empowered to dismiss the action. *See* F.R.Civ.P. 4(m); *Reynolds v. United States*, 782 F.2d 837, 838 (9th Cir.1986). Petitioner has filed no proofs to demonstrate sufficient service of process on the Attorney General or this district's United States Attorney and in turn the Government. Dismissal is supported by petitioner's insufficient service of process.

### Summons Enforcement

■ The IRS has broad investigatory powers under the Internal Revenue Code.

*See* 26 U.S.C. §§ 7601–7613.[1] Under section 7602(a)(1), the IRS is empowered to issue a summons to compel examination of "books, papers, records or other data which may be relevant or material" to an inquiry for purpose of "ascertaining the correctness of any return, making a return where none has been made" and "determining" and "collecting" tax liability. The relevance requirement under section 7602 is whether the requested material "might have thrown light upon the correctness of the return." *United States v. Arthur Young & Co.*, 465 U.S. 805, 813–815 & n. 11, 104 S.Ct. 1495, 1501 & n. 11, 79 L.Ed.2d 826 (1984); *David H. Tedder & Associates, Inc. v. United States*, 77 F.3d 1166, 1169 (9th Cir.1996). The IRS may issue a summons to investigate "merely on suspicion that the law is being violated, or even because it wants assurance that it is not." *United States v. Powell*, 379 U.S. 48, 57, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642–643, 70 S.Ct. 357, 94 L.Ed. 401 (1950)).

■ Under section 7608(a) and (b), IRS agents are authorized to "serve subpoenas and summonses issued under authority of the United States." Section 7602(a)(2) provides the IRS is not limited to issuing summonses to taxpayers under investigation and is authorized to summon "any person having possession, custody, or care of books of account" relating to the taxpayer or to summon "any other person the Secretary may deem proper" to produce such information and testimony under oath relevant and material to inquiry. A summons may be directed to almost anyone. *See, e.g., Chen Chi Wang v. United States*, 757 F.2d 1000, 1002 (9th Cir.1985) (statute provides IRS with "broad powers to sum-

---

1. Unless otherwise indicated, all further statutory references will be to the Internal Revenue Code, 26 U.S.C. §§ 1, et seq.

mon information relevant to determining the liability of any taxpayer.") The summons power must be construed broadly since it is "critical to the investigative and enforcement functions of the IRS." *United States v. Arthur Young & Co.,* 465 U.S. 805, 104 S.Ct. 1495, 1501, 79 L.Ed.2d 826 (1984).

Under section 7609(a)(1), a summons may be issued to a third party (not the taxpayer) and require the third party to give "testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code ... with respect to, any person (other than the person summoned) who is identified in the summons ..." Section 7609(i)(1) obligates a summoned party "to assemble the records requested" and to "be prepared to produce the records pursuant to the summons on the day on which the records are to be examined."

■ To enforce an IRS summons, the IRS must establish a prima facie case ("*Powell* requirements") to demonstrate its "good faith" that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant for that purpose; (3) seeks information that is not already within IRS possession; and (4) satisfies all administrative steps required by the United States Code. *Powell,* 379 U.S. at 57–58, 85 S.Ct. at 254–255; *Fortney v. United States,* 59 F.3d 117, 119 (9th Cir.1995).

In *Liberty Financial Services v. United States,* 778 F.2d 1390, 1392 (9th Cir.1985), the Ninth Circuit Court of Appeals explained:

> To establish a need for judicial enforcement, this showing need only be minimal. This is necessarily true because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted. *United States v. Balanced Financial Management, Inc.,* 769 F.2d 1440, 1443

(10th Cir.1985). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case. *United States v. Samuels, Kramer & Co.,* 712 F.2d 1342, 1345 (9th Cir.1983); *United States v. Kis,* 658 F.2d 526, 536–37 (7th Cir.1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982). The Ninth Circuit has further commented: "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met." *Fortney,* 59 F.3d at 119 (citing *United States v. Dynavac, Inc.,* 6 F.3d 1407, 1414 (9th Cir.1993)); *United States v. Gilleran,* 992 F.2d 232, 233 (9th Cir.1993).

■ Agent Krubsack's declaration satisfies the *Powell* requirements to establish a prima facie case that he issued the summons in good faith. In his declaration, Agent Krubsack explained he issued the summons as part of his legitimate investigation into petitioner's 2001 and 2003 tax liabilities in that the summoned financial records relate to petitioner's financial activity during 2001 and 2003 and are relevant and necessary to determine petitioner's income tax liabilities. Agent Krubsack confirmed he complied with IRS summons requirements by serving the summons by certified mail on the credit union and notice of the summons by certified mail on petitioner. In addition, he declared that the IRS lacks possession of the financial records sought by the summons and that there has been no referral for criminal prosecution. Petitioner fails to oppose the Government's requested relief to apparently concede the summons' legitimacy.

### CONCLUSION AND ORDER

For the reasons discussed below, this Court RECOMMENDS to:

1. DISMISS Agent Krubsack and substitute the Government in his place as defendant;

2. DENY petitioner's Demand for Writ to Quash Summons; and

3. GRANT the Government's motions to dismiss petitioner's Demand for Writ to Quash Summons and to enforce the summons served on Educational Employees Credit Union.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72–304. Within 10 court days after service of these findings and recommendations on the parties, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties and the magistrate judge in compliance with this Court's Local Rule 72–304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to objections shall be filed and served within 10 court days after service of the objections in compliance with this Court's Local Rule 72–304(d). A copy of the responses shall be served on the magistrate judge. The district judge will review the magistrate judge's findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.