Lisa WOOD, Petitioner

v.

Melissa MORIARTY, et al., Respondents.

No. 06mc30045–MAP.

United States District Court, D. Massachusetts.

Jan. 4, 2007.

Lisa Wood, Florence, MA, pro se.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for Respondents.

## MEMORANDUM AND ORDER WITH REGARD TO PETITION TO QUASH SUMMONS

NEIMAN, Chief United States Magistrate Judge.

Presently before the court is Lisa Wood ("Petitioner")'s *pro se* request that the court quash two summonses issued by the Internal Revenue Service ("IRS") seeking certain financial records. One summons has been issued to Middlesex Bank ("Middlesex"), located in Natick, Massachusetts;

the other has been issued to First Franklin Financial Corporation ("First Franklin") in San Jose, California. Although the petition improperly names Melissa Moriarty ("Moriarty"), an IRS Agent, and the IRS itself as respondents, the United States of America ("the Government") has appropriately filed an opposition. *See Burgos v. Milton,* 709 F.2d 1, 2 (1st Cir. 1983); (noting that the United States is the only proper defendant in these actions); *English v. Krubsack,* 371 F.Supp.2d 1198, 1200 (E.D.Cal.2005) (dismissing revenue agents as defendants in action seeking to quash IRS summons). For the reasons stated below, the petition to quash will be denied.

### I. BACKGROUND

While Petitioner mentions an affidavit to be filed "henceforth," she has not provided that affidavit or otherwise supported under oath the allegations in her petition. Accordingly, the following factual background is taken from the Declaration of Melissa Moriarty ("Moriarty Dec."), which was filed together with the Government's opposition.

In May of 2006, Moriarty opened a case on Petitioner after the IRS identified her as having offshore credit card and bank accounts. (Moriarty Dec. ¶¶ 3–4.) Moriarty's job, as an agent with the Offshore Credit Card Project, was to determine whether taxpayers owed taxes on income held in foreign accounts. (*Id.* ¶ 2, 3.) To that end, Moriarty obtained background information, including Petitioner's Social Security number, date of birth, occupation, and home and business addresses. (*Id.*) Moriarty also learned that Petitioner had not filed income tax returns since 1997. (*Id.*)

In a letter dated May 16, 2006, Moriarty notified Petitioner that she had been identified for examination because she held foreign bank accounts in a tax haven country. (*Id.* ¶ 4.) The letter offered Petitioner the opportunity to minimize her exposure to penalties in exchange for providing complete information about unreported offshore bank activities and filing amended or delinquent returns. (*Id.*) The letter also asked Petitioner to provide financial records, including bank and loan records. (*Id.*) In a response dated June 6, 2006, Petitioner wrote that the Social Security number identified by Moriarty was not hers and that she had no other information to provide. (*Id.* ¶¶ 5, 7.)

After receiving the response, Moriarty verified Petitioner's Social Security number through drivers' and occupation license records and sent out a second letter, dated August 24, 2006. (*Id.* ¶¶ 6–7.) The second letter stated that Moriarty was proceeding with an examination of Petitioner's tax liability and scheduled a September 13, 2006 appointment for her to produce financial records and tax returns. (*Id.* ¶ 7.) The letter also enclosed an IRS publication notifying Petitioner, among other things, that the IRS might contact third parties to obtain information. (*Id.*) Petitioner responded by stating that she had no information with the name and Social Security number identified by Moriarty. (*Id.*)

After Petitioner failed to appear for the September 13th appointment, Moriarty sought financial information through summonses to First Franklin and Middlesex. (*Id.* ¶ 8.) Moriarty mailed the summonses to the two institutions on October 4, 2006, as well as notices of the summonses to Petitioner. (*Id.*) Moriarty sought these records to assist in determining Petitioner's tax liability because bank and mortgage company records contain information about amounts and sources of income and because the IRS did not have such information in its possession. (*Id.* ¶ 9.) Moreover, Moriarty avows, the IRS has not classified Petitioner as a tax protester, Pe-

titioner's assertions to the contrary, and has not referred the matter, formally or informally, for criminal prosecution. (*Id.* ¶ 10.)

## II. DISCUSSION

█ The Government provides several persuasive arguments why the petition should be denied. First and foremost, Moriarty's affidavit establishes that the summonses were issued in good faith. As the Government asserts, when faced with a challenge to an IRS summons, it need only show that the summons was issued in good faith. *See United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). In particular, the Government must show that: (1) the investigation is being conducted for a legitimate purpose; (2) the summons is relevant to such purpose; (3) the information sought is not in the possession of the IRS; and (4) the IRS has followed the requisite administrative steps. *Id. See also Sylvestre v. United States,* 978 F.2d 25, 26 (1st Cir.1992). The Government's burden of showing good faith is "slight or minimal." *Mazurek v. United States,* 271 F.3d 226, 230 (5th Cir. 2001). "Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case." *Sylvestre,* 978 F.2d at 26 (citations omitted).

Here, Moriarty's declaration satisfies all four parts of the *Powell* test. Moriarty confirms that the investigation is being conducted for the legitimate purpose of determining Petitioner's tax liability and the financial records are relevant to that inquiry. (Moriarty Dec. ¶¶ 3–4.) Further, the declaration establishes that the IRS does not have the records that are the subject of the summonses. (*Id.* ¶ 9.) Finally, it is clear from Moriarty's declaration that the IRS has followed the proper procedures, Petitioner's boilerplate assertions to the contrary. (*Id.* ¶¶ 7–8.) According-

ly, the Government has met its *prima facie* burden of showing good faith. *Sylvestre,* 978 F.2d at 27.

█ Second, Petitioner has not met her burden of overcoming the Government's *prima facie* case for enforcement. *See id.* ("Once a *prima facie* case for enforcement [is] made, it [becomes the petitioner's] burden to refute the elements of the *prima facie* case.") If anything, Petitioner's assertions are strangely general and appear cribbed from form pleadings. For example, Petitioner has offered no evidentiary support for her claims that the IRS has classified her as a "tax protester." (Petition ¶ 4A.) Petitioner has also offered no evidence that the IRS "has abandoned in an institutional sense the pursuit of a civil tax determination," as she broadly asserts. (*Id.*) Similarly, Petitioner has failed to provide any support for her allegation that the IRS has referred her case for criminal "prosecution" or failed to follow proper procedures. (See *id.* ¶¶ 4B–D.) Absent proof to the contrary, Moriarty's affidavit is conclusive on all these issues.

Third, Petitioner has set forth no legal support for her claim that the summonses violate her constitutional rights. *United States v. Miller,* 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976). And finally, Petitioner has not made any showing of abuse to warrant discovery or further evidentiary proceedings. *See Alphin v. United States,* 809 F.2d 236, 238 (4th Cir.1987).

## III. Conclusion

For all the reasons described, the petition to quash is DENIED. IT IS SO ORDERED.