T.C. Memo. 2009-132

UNITED STATES TAX COURT

KEVIN F. AND ANN M. HENNESSEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20484-07.                    Filed June 9, 2009.

Kevin F. and Ann M. Hennessey, pro sese.

<u>Michael W. Bitner</u>, for respondent.


MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  Respondent determined an $8,688 deficiency
in petitioners' 2004 Federal income tax.  Petitioners filed a
timely petition contesting respondent's determination.  The issue
for decision is whether $27,900[1] Mr. Hennessey received in 2004

_____

[1]Kevin F. Hennessey (Mr. Hennessey) received $30,000
                                                    (continued...)

pursuant to a class action settlement agreement is excludable from gross income under section 104(a)(2).[2]  We hold it is not.

## Background

The parties submitted this case fully stipulated under Rule 122.  We incorporate the stipulated facts into our findings by this reference.  Petitioners resided in Missouri when they filed their petition.

Before 1993 Mr. Hennessey was a commissioned officer serving on active duty with the U.S. Air Force.  In 1992, because of congressionally mandated personnel reductions in the Armed Forces, the Secretary of the U.S. Air Force established the Fiscal Year 1993 Reduction-in-Force Board (Board).  The purpose of the Board was to select U.S. Air Force officers for involuntary separation.

The Secretary of the U.S. Air Force issued a memorandum of instruction (memorandum) that provided guidance on screening

---

[1](...continued)
pursuant to a class action settlement agreement, $2,100 of which represented attorney's fees, costs, and expenses.  In the notice of deficiency respondent stated that petitioners reported $2,100 of the $30,000 payment and allowed a deduction for this legal expense.  Although in his brief respondent states that it was questionable whether petitioners were entitled to the $2,100 deduction, he does not assert an increased deficiency.  Other adjustments proposed in the notice of deficiency are computational.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

officers for involuntary separation. Paragraph 7 of the memorandum stated that the Board's "evaluation of minority and women officers must clearly afford them fair and equitable consideration." The memorandum also stated that in considering women and minority officers, the Board should be sensitive to the fact that such officers might have been disadvantaged from a career perspective because of past individual and societal attitudes, policies, and practices. It allowed the Board to consider these factors in ensuring that minority and female officers received fair and equitable treatment.

In 1993, pursuant to the Board's recommendation, Mr. Hennessey was removed from active duty status with the U.S. Air Force and transferred to the U.S. Air Force Reserve. In reviewing records the Board considered the memorandum regarding selection rates for minority and female officers. Mr. Hennessey is now a commissioned officer in the U.S. Air Force Reserve.

On or about December 28, 1998, Mr. Hennessey and other officers whom the Board selected for involuntary separation filed a complaint in the U.S. Court of Federal Claims in the case of Berkley v. United States, case No. 98-943C. The plaintiffs claimed that the Board violated their equal protection rights under the Fifth Amendment to the U.S. Constitution because it improperly considered race and gender in selecting officers for involuntary separation. The court certified plaintiffs as a

class under rule 23 of the Rules of the United States Court of
Federal Claims.  See Berkley v. United States, 45 Fed. Cl. 224,
235 (1999).

The class action case was settled,[3] and each member of the
class had an option of (1) receiving a $30,000 lump-sum payment
less attorney's fees, costs, and expenses of $2,100 or (2)
requesting another retention review.  Mr. Hennessey received the
lump-sum payment in October 2004.  The lump-sum payment was not
compensation for physical injuries or physical sickness that Mr.
Hennessey might have suffered as a consequence of any actions
taken by employees of the U.S. Air Force.

Petitioners jointly filed their 2004 return.  On their 2004
return petitioners did not include in income the $30,000 lump-sum
payment.

## Discussion

The Commissioner's determinations generally are presumed
correct, and the taxpayer bears the burden of proving those
determinations are erroneous.  Rule 142(a); Welch v. Helvering,

---

[3]The Court of Federal Claims first issued a decision in
favor of the Government.  See Berkley v. United States, 48 Fed.
Cl. 361, 379 (2000), revd. 287 F.3d 1076 (Fed. Cir. 2002).  After
the Court of Appeals for the Federal Circuit reversed the
judgment and remanded the case to the Court of Federal Claims for
further proceedings, see Berkley v. United States, 287 F.3d 1076
(Fed. Cir. 2002), the parties entered into settlement
negotiations.  The settlement agreement is not part of the
record, but the parties stipulated the opinion of the Court of
Federal Claims, see Berkley v. United States, 59 Fed. Cl. 675
(2004), approving the settlement agreement.

290 U.S. 111, 115 (1933).  Petitioners do not contend that section 7491(a)(1), which shifts the burden of proof to the Commissioner if the requirements of section 7491(a)(2) are met, applies.  Moreover, because this case is fully stipulated, there are no disputed issues of fact that would be affected by an allocation of the burden of proof under section 7491(a).

Section 61(a) includes in gross income "all income from whatever source derived" unless excluded by a specific provision of the Code.  This section is construed broadly, whereas exclusions from gross income are construed narrowly.  Commissioner v. Schleier, 515 U.S. 323, 327-328 (1995); United States v. Burke, 504 U.S. 229, 233 (1992); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955).  Section 104(a)(2) excludes from gross income "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness".

In Commissioner v. Schleier, supra at 337, the Supreme Court stated that to be eligible for the section 104(a)(2) exclusion, a taxpayer must demonstrate that (1) the underlying cause of action giving rise to the recovery is based in tort or tort type rights and (2) the damages were received on account of personal injuries or sickness.  After the Supreme Court issued its opinion in Schleier, Congress amended section 104(a)(2) (amendment),

effective for amounts received after August 20, 1996, by adding a requirement that in order to be excluded from gross income, any amount received must be on account of personal injuries that are physical or sickness that is physical.[4]  See Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1605, 110 Stat. 1838.  Accordingly, the amendment imposed an additional requirement of physical injury or sickness to the test under Commissioner v. Schleier, supra at 337.  Where damages are received pursuant to a settlement agreement, the nature of the claim that was the basis for the settlement determines whether the damages are excludable under section 104(a)(2).  United States v. Burke, supra at 237.

Petitioners stipulated that the lump-sum payment Mr. Hennessey received was not compensation for physical injuries or physical sickness.  Accordingly, under section 104(a)(2) petitioners may not exclude the lump-sum payment from gross income.  However, petitioners raise several constitutional objections to section 104(a)(2).

Petitioners contend that the lump-sum payment is not income because there was no accession to wealth and, accordingly, no gain within the meaning of section 61(a).  Rather, they argue,

---

[4]Preamendment personal injuries or sickness included "nonphysical injuries to the individual, such as those affecting emotions, reputation, or character".  United States v. Burke, 504 U.S. 229, 236 n.6 (1992).

the payment was intended to make Mr. Hennessey "whole" for his losses, which, in addition to the loss of wages, consisted of lost promotional opportunities, lost military pension, damage to reputation, and stigma of involuntary separation. A similar argument was raised by the taxpayer in Murphy v. IRS, 493 F.3d 170, 176-177 (D.C. Cir. 2007).[5] The Court of Appeals for the District of Columbia Circuit held that taxation of awards received for personal, nonphysical injuries was within the power of Congress. Id. at 173, 186. We agree with the Court of Appeals, and we reject petitioners' argument.

Petitioners also argue that section 104(a)(2) violates the Equal Protection Clause of the 14th Amendment as applicable to the Federal Government through the Due Process Clause of the Fifth Amendment under Bolling v. Sharpe, 347 U.S. 497, 500 (1954). Petitioners argue that the Code treats taxpayers who receive compensatory damages as a result of physical injuries differently from those who suffer and are paid for nonphysical injuries, with no rational basis for such a distinction. In Young v. United States, 332 F.3d 893, 895-896 (6th Cir. 2003),

---

[5]The Court of Appeals for the District of Columbia Circuit first agreed with the taxpayer and held that compensation for mental distress and loss of reputation was not income within the meaning of the 16th Amendment. Murphy v. IRS, 460 F.3d 79 (D.C. Cir. 2006). However, the Court of Appeals then vacated its decision, Murphy v. IRS, 99 AFTR 2d 2007-396, 2007-1 USTC par. 50,228 (D.C. Cir. 2006), and heard additional arguments before issuing its decision rejecting that position, Murphy v. IRS, 493 F.3d 170 (D.C. Cir. 2007).

the Court of Appeals for the Sixth Circuit reviewed a similar challenge to section 104(a)(2) on the ground of violation of equal protection and held the statute constitutional.  We agree with the Court of Appeals, and we reject petitioners' argument.

Petitioners also argue that taxation of the lump-sum payment violates the Due Process and Takings Clauses of the Fifth Amendment to the U.S. Constitution.  According to petitioners, under Missouri State law reputational damage is damage to property and Mr. Hennessey's property interest in his employment and reputation would not have been taxable in the absence of the Board's discriminatory actions.  Petitioners contend that taxing such previously untaxable property interest amounts to an unjust taking of petitioners' property and forced conversion of their assets for the public use.

This constitutional challenge has no merit.  Generally, the Fifth Amendment is not a limitation upon Congress's taxing power. See Regan v. Taxation With Representation, 461 U.S. 540 (1983); A. Magnano Co. v. Hamilton, 292 U.S. 40, 44 (1934); Brushaber v. Union Pac. R.R. Co., 240 U.S. 1, 24 (1916).  The Constitution simply does not conflict with itself by conferring upon Congress on the one hand the "power to lay and collect taxes on incomes", U.S. Const. amend. XVI, while taking away this power under the Due Process Clause of the Fifth Amendment, Brushaber v. Union Pac. R.R. Co., supra at 24.  In some limited circumstances a tax

may be so arbitrary and capricious that it is not a permissible exercise of the power to tax but rather a constitutionally impermissible taking. See id. Section 104(a)(2), however, is not arbitrary and capricious. Congress's purpose in enacting section 104(a)(2) was to clarify the law and decrease litigation for cases that do not involve physical injury or physical sickness. H. Conf. Rept. 104-737, at 300-301 (1996), 1996-3 C.B. 741, 1040-1041; H. Rept. 104-586, at 142-143 (1996), 1996-3 C.B. 339, 480-481. Section 104(a)(2) reflects a reasonable exercise of Congress's power to tax, and it does not violate the Fifth Amendment. Accordingly, petitioners' challenge to section 104(a)(2) under the Fifth Amendment fails.

For reasons discussed above, we hold that the $27,900 payment Mr. Hennessey received in 2004 is not excludable from income under section 104(a)(2).

We have considered the parties' remaining arguments and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent</u>.