TYMKOVICH, Circuit Judge,
dissenting.
I agree with the majority that the 23-day notice provision in 26 U.S.C. § 7609(a) imposes a mandatory duty on the IRS and that the Powell[1] test governs whether the IRS has made a prima facie showing sufficient to support enforcement of a third-party summons. But I do not believe that Powell imposes a per se bar on enforcement in the event the IRS commits a technical breach of an administrative provision of the Internal Revenue Code. I would follow the approach of the other circuits[2] and consider whether, under the totality of the circumstances, a court should decline to enforce a summons.
The IRS, no one disputes, defaulted on its statutory duty to provide 23-day notice to Jewell. “But the failure to act on schedule merely raises the real question, which is what the consequence of tardiness should be.” Barnhart v. Peabody Coal Co., 537 U.S. 149, 157, 123 S.Ct. 748, 154 L.Ed.2d 653 (2003). The majority notes the differences between this case and Barnhart, but does not call into question the distinction between a statutory duty and the appropriate remedy for its breach. Where “a statute does not specify a consequence for noncompliance with statutory' timing provisions, the federal courts will not in the ordinary course impose their own coercive sanction.” United States v. James Daniel Good Real Prop., 510 U.S. 43, 63, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) (government’s failure to comply with mandatory timing provisions did not require dismissal of a forfeiture action).
The purpose of the four-part Powell test is simply to determine whether the IRS is making “abusive use of the court’s process.” 379 U.S. at 51, 85 S.Ct. 248. The test’s fourth prong does not impose a strict compliance requirement on every procedural provision of the Code; rather, the IRS’s adherence to the Code’s administrative steps is merely one indicator of the agency’s good faith in seeking to enforce a *1302 summons. Requiring only substantial compliance with the 23-day notice provision is consistent with this prong of the Powell test. The totality of the circumstances approach adopted by the other circuits is, I believe, more consistent with the purpose of the Powell test than the majority’s preferred approach.
Consequently, I would affirm the Western District of Oklahoma’s grant of summary judgment for the government and remand the Eastern District of Oklahoma case to conduct a totality of the circumstances test.

. United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

. In addition to the circuits noted by the majority, the Eighth and Ninth Circuits have read Powell to allow for a totality of the circumstances test in the event of a technical breach of the Code's administrative steps. See Robert v. United States, 364 F.3d 988, 996-97 (8th Cir.2004); United States v. Richey, 632 F.3d 559, 565 (9th Cir.2011). I disagree with the majority’s reading of Sylvestre v. United States, 978 F.2d 25 (1st Cir.1992). In Sylvestre, the First Circuit held that, based on the totality of the circumstances, a summons could be enforced despite the IRS’s violation of the 23-day notice provision.